NICHOLS et al. v. MOLOUGHNEY et al.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. EXECUTORS—ACTIONS ON CLAIMS—ORDER OF REFERENCE—COSTS—STIPULATION.

    Code Civ. Proc. § 1836, provides that, "where it appears in a case specified in the last section [one where judgment for a sum of money is rendered against an executor in his representative capacity] that the plaintiff's demand was presented within the time limited by a notice published as prescribed by law, requiring creditors to present their claims, and that the payment thereof was unreasonably resisted or neglected, * * * the court may award costs against the executor or administrator." An action on a claim not presented within the time limited in a notice to creditors was commenced against executors, and an ordinary reference to hear, try, and determine was made on a stipulation providing "that the costs of the reference are to be taxed as costs of the case." *Held* to mean that the disbursements and expenses of the reference were to be taxed as part of the costs of the case, and, as plaintiffs were not entitled to costs under section 1836, it was error to tax disbursements in their favor.

Bartlett and Jenks, JJ., dissenting.

Appeal from Special Term, Kings County.

Action by James A. Nichols and others against Edward J. Moloughney and another, surviving executors of Michael Moloughney, deceased. Judgment for plaintiffs on the decision of a referee, and defendants appeal. Modified.

Argued before GOODRICH, P. J., and BARTLETT, HIRSCHBERG, JENKS, and HOOKER, JJ.

George S. Hamlin, for appellants.
A. Dubois, for respondents.

HOOKER, J. This is an action brought against the executors of the estate of one Michael Moloughney for goods, wares, and merchandise sold and delivered. The plaintiffs were wholesale grocers, and they claim to have sold their wares during a portion of the years 1897 and 1898 to the defendants' testator, who was, as they say, the owner and proprietor of a store at Bath Beach. The defendants very strongly contend that after the fire which consumed the testator's old store building at Bath Beach the building was run by one of the sons of the testator. The referee has found upon conflicting evidence that the goods were sold and delivered to the testator, and that his estate is liable. With this finding we are not disposed to interfere. There was, in our opinion, abundant evidence to justify it, although some of the evidence offered upon behalf of the defendants might well cause a trial court or referee moments of doubt. .

We have carefully examined the scores of exceptions taken by the defendants. Most of them were taken to rulings of the referee

sustaining objections to questions which called for conclusions of the witnesses. These were not error. We think some of the exceptions were well taken, but our examination of the record convinces us that in all of those cases the evidence sought to be introduced and which was erroneously excluded from the case was later supplied by one side or the other before the close of the evidence. The record impresses us that both parties had a full and fair hearing.

During the trial it was stipulated "that the costs of the reference are to be taxed as costs of the case," and the referee, in his decision, found as matter of law that the plaintiffs were entitled to enter a judgment which should include the necessary disbursements of the plaintiffs since the order of reference, to be taxed as costs of the case. The defendants excepted to this conclusion of law. Section 1836 of the Code of Civil Procedure does not permit us to sustain this conclusion of the referee. The section, as far as it is important here, reads as follows:

"Where it appears in a case specified in the last section [one where judgment for a sum of money is rendered against an executor in an action brought against ·him· in his representative capacity] that the plaintiff's demand was presented within the time limited by a notice published as prescribed by law, requiring creditors to present their claims, and that the payment thereof was unreasonably resisted or neglected, * * * · the court may award costs against the executor or administrator."

The notice to creditors was dated the 19th of July, 1898, and they were required to exhibit their claims and vouchers thereof on or before the 22d day of January, 1898. Plaintiffs' claim was, however, not verified until the 7th day of March, 1899, and under the provisions of that portion of the section which we have just quoted they were not entitled to costs of this action. The reference was an ordinary reference to hear, try, and determine, made upon stipulation in an action commenced by summons in the Supreme Court. This requires a study of the exact language of the stipulation. That refers to the "costs of the reference," and provides that they are to be taxed as costs of the case. The term "costs," as applied to a reference of this character, has no defined legal·meaning. Our attention has not been directed to any such language in the Code of Civil Procedure. We think that the import of these words as used by counsel was the ordinary expenses incident to a reference, namely disbursements, referee's fees, witness' fees, and other proper charges, as upon the trial of a case, and that, consequently, the stipulation meant that the disbursements and expenses of the reference should be taxed as part of the costs of the case. If we are right in this, the referee erred in his finding, because, it being improper to tax costs, it was impossible to tax disbursements, for the latter cannot stand except upon the foundation of the former.

The judgment should therefore be modified by striking out all reference to disbursements, and, as modified, affirmed, without costs of this appeal.

GOODRICH, P. J., and HIRSCHBERG, J., concur. BARTLETT and JENKS, JJ., vote for affirmance.