### MEGRUE v. MEGRUE.

(Supreme Court, Appellate Division, First Department.　December 31, 1913.)

COSTS (§ 10*)—DISBURSEMENTS—STIPULATION.

　　In an action upon a claim against an estate, the parties stipulated that the referee's and stenographer's fees should be taxed as a disbursement of the action. *Held* that, in view of Code Civ. Proc. § 3256, providing that a party to whom costs are awarded in an action is entitled to his necessary disbursements, the stipulation must be construed as declaratory of the statute, and not casting upon the unsuccessful party the burden of all fees and disbursements, regardless of the imposition of costs, and where the claimant was in part successful she is not entitled to disbursement when not allowed costs.

　　[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 17–19; Dec. Dig. § 10.*]

　　Clarke, J., dissenting.

Appeal from Special Term, New York County.

Action by Minnie Megrue against Enoch G. Megrue, as executor. From an order denying a motion to set aside taxation of disbursements by plaintiff, defendant appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOW-LING, and HOTCHKISS, JJ.

Treadwell Cleveland, of New York City, for appellant.

Carl A. Hansmann, of New York City, for respondent.

HOTCHKISS, J. The action and the reference arose on a rejected claim for moneys owing by the decedent amounting to $7,408.21. At the beginning of the reference the parties entered into a stipulation fixing the referee's fees at $10 an hour, and $10 for each adjournment of which he was not duly notified, and also for the stenographer's fees; the stipulation ending with the phrase, "be taxed as a disbursement in the action." Technically, these words apply only to the stenographer's fees, but the case has been submitted on the assumption that they apply both to referee's and stenographer's fees. The referee reduced plaintiff's claims to $539.30, and found that they had not been unreasonably resisted, and that plaintiff was not entitled to costs.

I think the order appealed from was wrong. Formerly the Code provided that, on reference of a claim against a decedent's estate, "the prevailing party" shall be entitled to referee's and witness fees and other necessary disbursements. The section of the Code now allowing disbursements (3256) makes such allowance dependent upon the recovery of costs, as in civil actions generally. The section reads: "A party to whom costs are awarded in an action is entitled" to his necessary disbursements. The section does not cover referee's fees beyond $10 a day, nor stenographer's fees.

The respondent argues that the intention of the stipulation was to cast upon the unsuccessful party the burden of all fees and disbursements that might be taxed under the stipulation. I do not so construe it. I think it meant what similar stipulations have always been taken to mean, namely, that the party ultimately liable for costs shall also be liable for the disbursements as fixed in the stipulation, and that the right to tax disbursements follows the right to costs as an incident thereof. To construe this stipulation as entitling the plaintiff to his disbursements would put the executor in the position of having conceded away a statutory immunity granted for the protection of the estate, an intent wholly unjustified by any words to be found in the stipulation.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate the taxation granted.

INGRAHAM, P. J., and SCOTT and DOWLING, JJ., concur.

CLARKE, J. I dissent. It seems clear that by the stipulation the disbursements referred to, namely, the referee's and stenographer's fees, were to be taxed. Of course, if they were to be taxed, they were to be taxed in favor of the prevailing party. The fact that costs were not allowed to the prevailing party does not affect the question, because the stipulation was that said fees were "to be taxed as a disbursement," and not "as the costs of the case." The stipulation should be lived up to.

I vote to affirm the order appealed from.